

United States District Court
Southern District of Mississippi
Northern Division

**MNGH, LLC d/b/a U-Own**　　　　　　　　　　　　　Plaintiffs

versus　　　　　　　　　　　Civil Action No. 3:16-cv-647 DPJ-FKB

**Mega Mattress & Furniture Outlet,
LLC; Christopher Butler; Jay
Samander and John/Jane Does 1-5**　　　　　　　　Defendants

## Complaint
### (Jury Trial Demanded)

MNGH, LLC d/b/a U-Own, through counsel, files this Complaint against Mega Mattress & Furniture Outlet, LLC; Christopher Butler; Jay Samander and John Does 1-5 as follows:

### Parties

1. MNGH, LLC (hereinafter "U-Own") is a Delaware Limited Liability Company with its principle place of business in Hillsborough County, Florida.

2. Mega Mattress & Furniture Outlet, LLC (hereinafter "Mega Mattress") is a Mississippi Limited Liability Company. It may be served with process by service upon its registered agent, Elias Dabit, at 1600 Terry Road, Jackson, MS 39204.

3. Christopher Butler, who at all times relevant was an employee and agent of Mega Mattress, is an adult resident citizen of Rankin County,

1

Mississippi. He may be served with process at the Central Mississippi Correctional Facility, 3794 MS-468, Pearl, MS 39208.

4. Jay Samander, who at all times relevant was an employee and agent of Mega Mattress, is an adult resident citizen of Rankin County, Mississippi. He may be served with process at 411 Fawnwood Drive, Brandon, MS 39042.

5. John/Jane Does 1-5 are currently unknown persons or corporations affiliated with the Defendants or schemes named herein who in some way contributed to or are responsible for the harms and losses suffered by U-Own.

## Jurisdiction and Venue

6. This court has jurisdiction of the instant matter pursuant to 28 USC § 1332 as the parties are all diverse. The matter in controversy, exclusive of interest and costs, exceeds $75,000.

7. Venue is appropriate as the events giving rise to the claims occurred in Jackson, Hinds County, MS.

## The Players

8. U-Own is a finance company that provides services for rent-to-own companies nationwide. When a consumer elects to finance the purchase of a

product at a U-Own affiliated retailer, U-Own pays the retailer the full purchase price and enters into a loan relationship with the consumer.

9. Mega Mattress is a rent-to-own retailer located in Jackson, Mississippi. Mega Mattress specializes in the sale of discount mattress and furniture products.

10. At all times relevant, Christopher Butler and Jay Samander were employed by Mega Mattress in Jackson, Mississippi.

11. On information and belief, other unknown individuals and corporations participated in the schemes described herein. These unknown individuals and entities and referred as John/Jane Does 1-5.

## Facts

12. On or around July 1, 2014, U-Own and Mega Mattress begin a mutually beneficial business relationship. Under the terms of their agreement, Mega Mattress agrees to use U-Own as its exclusive provider of consumer financing services and U-Own agrees to provide financing to Mega Mattress customers.

13. U-Own provides financing to Mega Mattress customers based on, among other things, an existing checking account in the customer's name and

3

a delivery receipt demonstrating that the customer actually received furniture.

14. In the early stages of its relationship with Mega Mattress, U-Own completes more than 600 transactions for Mega Mattress customers. These transactions involve actual customers with actual bank accounts who are seeking financing for the purchase of actual items of furniture.

15. In September of 2015, U-Own notices that an inordinate number of its Mega Mattress customers are delinquent on their credit payments.

16. U-Own begins reaching out to these "customers" and learns that they were informed by Mega Mattress and its employees that they were denied financing and had never received furniture from Mega Mattress.

17. These conversations raise red flags at U-Own because Mega Mattress had provided all necessary originating documents for each of these "customers".

18. With more than $400,000 invested in loans to Mega Mattress customers, U-Own launches an investigation to determine what has transpired. As a result of its investigation, U-Own learns:

    a. Mega Mattress, through its employee Christopher Butler, encouraged individuals to apply for financing through U-Own;

    b. To initiate the application process, Butler would meet potential applicants at an automotive service center in the Jackson area

4

   where applicants would be driven to a financial institution for the purpose of opening checking accounts;

 c. These applicants would create "dummy" checking accounts which they did not intend to use for ordinary banking purposes but only to satisfy U-Own's loan requirements;

 d. The applicants, using their new dummy checking accounts, would return to Mega Mattress and apply for financing;

 e. Mega Mattress would submit a loan package to U-Own, including delivery receipts, which were signed and approved by Jay Samander;

 f. U-Own, believing these checking accounts and other supporting documents were real, would approve and advance financing;

 g. Meanwhile, at Mega Mattress, these applicants were told they had been rejected for financing; and

 h. These applicants were never provided furniture by Mega Mattress.

19. Without knowing of the above scheme, U-Own provides financing to numerous individuals who it believes received furniture and were seeking financing for same. On this basis, U-Own advances hundreds of thousands of dollars to Mega Mattress for what U-Own believes are legitimate furniture sales.

## Causes of Action

20. Because these activities were orchestrated by Mega Mattress employees, specifically Christopher Butler and Jay Samander, occurred at Mega Mattress's Jackson store and resulted in numerous transactions totaling in excess of $400,000 remitted to Mega Mattress, Mega Mattress knew or should have known of the existence of the scheme.

21. Through a series of misrepresentations and a pattern of fraud, U-Own was enticed to advance hundreds of thousands of dollars for transactions which never occurred.

22. In an effort to ensure that another company is not similarly defrauded, U-Own has reported these activities to the local authorities in Jackson, Mississippi and the Mississippi Attorney General's office.

## Count 1: Negligence Against Mega Mattress, Christopher Butler and Jay Samander

23. The allegations contained in paragraphs 1-22 above are incorporated herein as if fully reproduced.

24. The Defendants owed U-Own a duty to perform their obligations to U-Own in a reasonably competent manner.

25. The Defendants had a duty to exercise the skill and knowledge ordinarily possessed by those under similar circumstances in the performance of their duties to U-Own.

26. The Defendants materially breached their duties to U-Own by engaging in the conduct set forth herein.

27. The Defendants, in the course of their businesses, professions and/or employment, supplied false information to U-Own in connection with loan transactions and related dealings and failed to exercise reasonable care or competence in obtaining and communicating information to U-Own.

28. The Defendants intended to supply and did supply false information to the detriment U-Own and knew or should have known that U-Own would receive and rely upon the information.

29. U-Own did not know and could not, in the exercise of reasonable diligence, know that the information supplied by the Defendants was false.

30. U-Own reasonably and justifiably relied on the false information supplied by the Defendants and took action it would not have taken but for that information.

31. The Defendants are liable for the losses which U-Own incurred and which it continues to incur as a result of its justifiable and reasonable reliance upon the false information supplied by the Defendants.

32. The Defendants' conduct has proximately caused U-Own to suffer damages, which are continuing and for which the Defendants are liable.

## Count 2: Negligent Supervision Against Mega Mattress

33. The allegations contained in paragraphs 1-32 above are incorporated herein as if fully reproduced.

34. Mega Mattress owed U-Own a duty to perform its obligations to U-Own in a reasonably competent manner.

35. Mega Mattress breached its duty to U-Own by engaging in conduct including, but not limited to, preventing its employees from engaging in acts harmful to U-Own and failing to remediate the pattern of behavior which led to the injuries described herein.

36. Mega Mattress, in the course of its business with U-Own, failed to exercise reasonable care or diligence in supervising its employees.

37. As a result of Defendant's failure to supervise its employees, U-Own received and relied upon false information.

38. U-Own did not know and could not, in the exercise of reasonable diligence, know that the information supplied by Mega Mattress was false.

39. U-Own reasonably and justifiably relied on the false information supplied by the Defendants and took action it would not have taken but for that information.

40. Mega Mattress is liable for the losses which U-Own incurred and which it continues to incur as a result of its justifiable and reasonable reliance upon the false information supplied by Mega Mattress.

41. Defendant's conduct has proximately caused U-Own to suffer damages, which are continuing and for which Mega Mattress is liable.

## Count 3: Gross Negligence Against Mega Mattress, Christopher Butler and Jay Samander

42. The allegations contained in paragraphs 1-41 above are incorporated herein as if fully reproduced.

43. The Defendants breached their duties to U-Own in a reckless, wanton and willful manner without regard for the interests of U-Own.

44. The Defendants' actions as set out above were grossly negligent, and undertaken with a reckless and callous disregard for U-Own.

45. The Defendants' conduct has proximately caused U-Own to suffer damages, which are continuing and for which the Defendants are jointly and severally liable.

46. The gross and reckless nature of the Defendants' conduct warrants the imposition of punitive damages.

## Count 4: Negligent Misrepresentation Against Mega Mattress and Jay Samander

47. The allegations contained in paragraphs 1-46 above are incorporated herein as if fully reproduced.

48. The Defendants made numerous representations of fact to U-Own that were false including, but not limited to, the representations set forth above.

49. Whether representations of valid sales or representations that valid accounts existed, each representation by the Defendants set out above was material and significant.

50. The Defendants failed to exercise that degree of diligence and expertise the public and U-Own should expect of such persons.

51. U-Own had a right to rely and did reasonably rely upon the truth of the representations.

52. U-Own suffered substantial actual, consequential, and incidental damages as a direct and proximate result of the Defendants' negligent misrepresentation of material facts.

## Count 5: Fraudulent Misrepresentation Against Mega Mattress and Jay Samander

53. The allegations contained in paragraphs 1-52 above are incorporated herein as if fully reproduced.

10

54. The Defendants made numerous representations of fact to U-Own that were false including, but not limited to, those set forth above.

55. Each time Mega Mattress represented a valid business transaction and valid checking account the representation was material and false. Both Mega Mattress and Jay Samander knew, when they made these representations, that the representations were false.

56. These Defendants intended for U-Own to act in reliance on the misrepresentations in the manner they intended and contemplated.

57. U-Own did not know that the representations made by these Defendants were false and the Defendants knew that U-Own lacked knowledge of their falsity.

58. U-Own had a right to rely and did reasonably rely upon the truth of the above representations and, as a result, U-Own suffered substantial actual, consequential and incidental damages as a direct and proximate result.

59. U-Own is entitled to punitive damages for the Defendants' intentional, wanton and egregious misrepresentations.

## Count 6: Negligent Nondisclosure and/or Omission Against Mega Mattress and Jay Samander

60. The allegations contained in paragraphs 1-59 above are incorporated herein as if fully reproduced.

61. At all times relevant times, Defendants were obligated to act in accordance with the standard of care imposed upon those in their positions vis-à-vis U-Own.

62. The Defendants owed U-Own a duty of disclosure.

63. The Defendants had information that U-Own was entitled to know because of their relationship.

64. The Defendants breached their duty to disclose by negligently failing to disclose to U-Own the facts as set forth above.

65. The facts withheld from U-Own were material and significant.

66. The Defendants failed to exercise that degree of diligence and expertise the public and U-Own should expect of such persons.

67. U-Own had a right to rely and did reasonably rely upon the non-existence of the omitted and non-disclosed facts.

68. U-Own suffered substantial actual, consequential and incidental damages as a direct and proximate result of the Defendants' conduct.

## Count 7: Fraudulent Omission and/or Concealment Against Mega Mattress and Jay Samander

69. The allegations contained in paragraphs 1-68 above are incorporated herein as if fully reproduced.

70. Mega Mattress was in a position of trust and confidence with U-Own.

71. Because Mega Mattress and Jay Samander created documents inducing U-Own to follow a course of business transactions, the Defendants owed U-Own a duty of disclosure.

72. These Defendants had information that U-Own was entitled to know because of the fiduciary duty and relation of trust and confidence between them.

73. These Defendants breached their duty to disclose by intentionally concealing from U-Own the material information set out herein.

74. Each of the concealed facts were material and significant.

75. These Defendants knew the omitted and/or concealed facts were material and significant and intended for U-Own to rely upon the bad information provided.

76. U-Own was not aware of the existence of the omitted and/or concealed facts, and these Defendants knew that U-Own was not aware of their existence.

77. These Defendants intended to defraud U-Own by omitting and/or concealing the material and significant facts set out above including, but not

limited to, the fact that the "customers" were not attempting to purchase furniture and that the checking accounts were fraudulent.

78. U-Own reasonably and justifiably relied upon the information provided, information that was, in retrospect, false and harmful in the absence of the facts withheld by Mega Mattress and Jay Samander.

79. U-Own suffered substantial actual, consequential and incidental damages as a direct and proximate result of the intentional omission and/or concealment of the material facts set forth above.

80. U-Own is entitled to punitive damages for the Defendants' willful, wanton, and egregious omission and/or concealment of material facts.

## Count 8: Fraud Against Mega Mattress, Christopher Butler and Jay Samander

81. The allegations contained in paragraphs 1-80 above are incorporated herein as if fully reproduced.

82. Defendants Mega Mattress, Christopher Butler and Jay Samander misled and engaged in a course of artifice and deceit consisting of intentionally concealing and/or omitting from informing U-Own of the facts set forth above.

83. Additionally, Defendants Mega Mattress, Christopher Butler and Jay Samander made numerous representations of fact to U-Own that were false, including but not limited to those set forth above.

84. The omissions, facts and misrepresentations offered by the Defendants proved material and significant.

85. The Defendants knew the omitted and/or concealed facts were material and significant, and intended for U-Own to rely upon the misinformation.

86. U-Own reasonably and justifiably relied on the misinformation provided in the manner intended and contemplated by the Defendants.

87. The Defendants gained an unfair advantage over and at the expense of U-Own as a direct and proximate result of their misrepresentations and non-disclosure of material facts.

88. U-Own suffered substantial actual, consequential and incidental damages as a direct and proximate result of the misrepresentations and the intentional omission and/or concealment of the material facts set forth above.

89. U-Own is entitled to punitive damages for the Defendants' willful, wanton, and egregious misrepresentations and omission and/or concealment of material facts.

## Count 9: Civil Conspiracy Against Mega Mattress, Christopher Butler and Jay Samander

90. The allegations contained in paragraphs 1-89 above are incorporated herein as if fully reproduced.

91. The Defendants entered into one or more agreements to accomplish an unlawful purpose.

92. The Defendants devised a plan and scheme to accomplish the fraudulent purpose as set forth hereinabove.

93. The Defendants took overt steps and acted in furtherance of the conspiracy by acting in the manner and committing the actions set forth hereinabove.

94. As a direct and proximate result of the conspiracy entered into and carried out by the Defendants, U-Own suffered and continue to suffer substantial actual, consequential and incidental damages.

95. U-Own is entitled to punitive damages for the intentional, wanton, and egregious nature of the Defendants' conspiracy.

## Damages

WHEREFORE, PREMISES CONSIDERED, U-Own respectfully requests the following relief and damages:

A. Compensatory, consequential, and incidental damages to be proven at the trial of this cause;

16

B. Punitive damages assessed against Defendants in an amount to be determined at trial;

C. All costs, expenses and attorneys' fees by the Plaintiff as a result of bringing this action; and

D. Other such damages and/or relief which the Court deems appropriate.

Plaintiff prays that *Summons* be issued for Defendants and that following a jury trial, they be awarded a judgment against the Defendants in an amount that will fully compensate them for all elements of damages suffered; that they recover punitive damages and attorney's fees; that they recover costs expended; and that they have and receive all other proper relief to which they may be entitled in the premises.

Respectfully submitted, this 22nd day of August 2016,

Plaintiff U-Own

By: Brandon C. Jones

Brandon Jones, MS Bar No. 101911
Baria-Jones, PLLC
308 East Pearl Street, Suite 302
Jackson, MS 39201
Ph. (601) 948-6016; Fx. (601) 948-0306
Email: bjones@barialaw.com

David Baria, MS Bar No. 8646
Baria-Jones, PLLC
544 Main Street
Bay St. Louis, MS 39520
Ph. (228) 270-0001; Fx. (601) 948-0306
Email: dbaria@barialaw.com

17